**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

David Lee Frater,

Movant/Defendant,

vs.

United States of America,

Respondent/Plaintiff.

No. CV-19-02168-PHX-DGC (MHB)
No. CR-14-01517-PHX-DGC

**ORDER**

David Frater has filed a request for an "independent panel rehearing" of the dismissal of his § 2255 motion to vacate his sentence in Case No. CR-14-01517. Doc. 24.[1] For reasons stated below, the Court construes the request as a timely notice of appeal.

**I. Background.**

Frater pled guilty to one count of possession of child pornography in violation of 18 U.S.C. §§ 2252 and 2256. CR Doc. 131. On May 9, 2016, the Court sentenced him to 125 months in prison followed by lifetime supervised release. CR Doc. 174. The Ninth Circuit upheld the plea and sentence. CR Doc. 171; *United States v. Frater*, 735 Fed. App'x 467 (9th Cir. 2018).

Frater asserts four grounds for relief in his § 2255 motion: (1) the New Zealand police department unlawfully searched and seized his home computer; (2) the law requires

[1] Citations to documents in the criminal case are denoted "CR Doc." Citations are to page numbers attached to the top of pages by the Court's electronic filing system.

that the government produce a minimum of three verified pornographic images of children who have been identified as victims; (3) unverified secondary evidence was presented in a superseding indictment; and (4) outlawing sexually explicit photographs of children propagates crimes against them by repressing information the public needs to identify victims and perpetrators. Doc. 1 at 4-8. Magistrate Judge Michelle Burns issued a report recommending that the motion be denied because none of Frater's grounds for relief concern the voluntary and intelligent acceptance of his plea agreement. Doc. 15 at 2-3; *see also* CR Doc. 103; *United States v. Frater*, No. CR-14-01517-PHX-DGC, 2016 WL 795839, at *4 (D. Ariz. Mar. 1, 2016) (denying Frater's motion to withdraw his guilty plea). The Court agreed with Judge Burns and denied Frater's motion. Doc. 22. The Clerk dismissed this action on April 30, 2020. Doc. 23.

**II. Frater's Request.**

Frater requests an independent panel rehearing because the Court's order denying his § 2255 motion is "prejudicial, biased, flawed, [and] filled with multiple judicial errors and misstatements[.]" Doc. 24 at 1. Frater cites no rule or legal authority in support of his request, but based on his allegations of bias and judicial misconduct, he clearly does not seek reconsideration by the Court. *See id.* at 1-3. The Court concludes that Frater's request reasonably can be construed as a notice of appeal to the Ninth Circuit Court of Appeals. *See* CR Doc. 136 (Ninth Circuit order construing a similar request as a notice of appeal); *In re Sweet Transfer & Storage Inc.*, 896 F.2d 1189, 1193-94 (9th Cir. 1990) (a document not formally denominated a notice of appeal may be treated as one if it evinces the intent to appeal and provides notice to both the opposing party and the court). Frater's request is timely because it was filed on May 15, 2020, less than 30 days after the Clerk entered judgment. *See* Docs. 23, 24; Fed. R. App. P. 4(a)(1)(a) (a notice of appeal in a civil case generally "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from"); *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (same). The Court therefore will direct the Clerk to docket Frater's request as a notice of appeal.

**IT IS ORDERED:**

1. Frater's request for an independent panel rehearing of the dismissal of his § 2255 motion (Doc. 24) is construed as a notice of appeal to the Ninth Circuit Court of Appeals.

2. The Clerk is directed to docket the request as a notice of appeal filed on May 15, 2020. *See* CR Doc. 136.

Dated this 25th day of June, 2020.

David G. Campbell

David G. Campbell
Senior United States District Judge