**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Lee Frater,                    Movant/Defendant, vs. United States of America,                    Respondent/Plaintiff. | No. CV-19-02168-PHX-DGC (MHB) No. CR-14-01517-PHX-DGC  **ORDER** |

David Frater filed a request for an "independent panel rehearing," before three judges, of the dismissal of his § 2255 motion to vacate his sentence in Case No. CR-14-01517. Doc. 24.[1]  Because the court of appeals sits in panels of three judges and there is no procedure for a three-judge district court panel in a case such as this, the Court construed the request as a notice of appeal and directed the Clerk to docket it as such. Doc. 25 (citing CR Doc. 136 (Ninth Circuit order construing a similar request as a notice of appeal); *In re Sweet Transfer & Storage Inc.*, 896 F.2d 1189, 1193-94 (9th Cir. 1990) (a document not formally denominated a notice of appeal may be treated as one if it evinces the intent to appeal)). The Ninth Circuit received the notice of appeal on June 26, 2020. Doc. 27.

Frater has now filed a motion stating that he refuses to accept an appeal as a substitute for his request for an independent panel rehearing, and requesting that the notice

---

[1] Citations to documents in the criminal case are denoted "CR Doc." Citations are to page numbers attached to the top of pages by the Court's electronic filing system.

1

of appeal be withdrawn. Doc. 28 at 1. The Court accordingly will withdraw the notice of appeal and consider Frater's request for an independent panel rehearing on the merits.

**I.      Background.**

Frater pled guilty to one count of possession of child pornography in violation of 18 U.S.C. §§ 2252 and 2256. CR Docs. 75, 131. On May 9, 2016, the Court sentenced him to 125 months in prison followed by lifetime supervised release. CR Doc. 174. The Ninth Circuit upheld the plea and sentence. CR Doc. 171; *United States v. Frater*, 735 Fed. App'x 467 (9th Cir. 2018).

Frater asserted four grounds for relief in his § 2255 motion: (1) the New Zealand police department unlawfully searched and seized his home computer; (2) the law requires that the government produce a minimum of three verified pornographic images of children who have been identified as victims; (3) unverified secondary evidence was presented in a superseding indictment; and (4) outlawing sexually explicit photographs of children propagates crimes against them by repressing information the public needs to identify victims and perpetrators. Doc. 1 at 4-8. Magistrate Judge Michelle Burns issued a report recommending that the motion be denied because none of Frater's grounds for relief concerned the voluntary and intelligent acceptance of his plea agreement. Doc. 15 at 2-3; *see also* CR Doc. 103; *United States v. Frater*, No. CR-14-01517-PHX-DGC, 2016 WL 795839, at *4 (D. Ariz. Mar. 1, 2016) (denying Frater's motion to withdraw his guilty plea). The Court agreed with Judge Burns and denied Frater's motion. Doc. 22. The Clerk dismissed this action on April 30, 2020. Doc. 23.

**II.     Frater's Request for an Independent Panel Rehearing.**

Frater claims that the Court's order denying his § 2255 motion is "prejudicial, biased, flawed, [and] filled with multiple judicial errors and misstatements[,]" and requests an "independent panel rehearing." Doc. 24 at 1.[2] Frater cites no rule or legal authority in

---

[2] Frater makes other unfounded and offensive accusations about the undersigned and both the defense and government attorneys. *Id.* at 1-3. The accusations are wholly inappropriate and will not be recounted or addressed in this order.

support of his request. This is not surprising because there is no legal rule or procedure allowing for an independent panel rehearing at the district court level of a § 2255 motion. Frater's request for an independent panel rehearing will be denied.

To the extent Frater's request can be deemed a motion for reconsideration of the dismissal of his § 2255 motion, it will also be denied. Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Frater has failed to make this showing.

Judge Burns found that, in accepting the 2016 plea agreement, Frater "clearly and expressly waived his right to bring an appeal or collateral attack and, as such, has waived his claims raised in his § 2255 Motion[.]" Doc. 15 at 3. Frater objected to this finding, arguing that his plea agreement was "non-binding" because the Court failed to sign and file it. Doc. 18 at 1, 3. Contrary to Frater's contention, the plea agreement was accepted without objection at his sentencing on May 9, 2016, and the plea agreement was signed by the Court and filed on that date. Doc. 22 at 3 (citing CR Docs. 131, 165 at 9).

After receiving Judge Burns' recommendation, the Court reviewed the record de novo and concluded that Frater understood the waiver and entered his plea knowing that he would not be permitted to collaterally attack his conviction and sentence. *Id.* at 3-4. The Court accepted Judge Burns' recommendation and denied Frater's § 2255 motion. *Id.* at 4.

Frater asserts that shortly after signing the plea agreement, he realized he had made a mistake and thereafter sought to withdraw his guilty plea. Doc. 24 at 5. He claims to have an "absolute right to withdraw for any reason or no reason[.]" *Id.* The Court held a hearing on Frater's motion to withdraw his guilty plea and denied the motion, finding that he presented no fair and just reason for requesting the withdrawal as required by Rule 11

of the Federal Rules of Criminal Procedure. CR Doc. 103 at 2-7; *see* Fed. R. Crim. P. 11(d)(2)(B).

Frater has not shown that the Court committed manifest error in this regard or in accepting Judge Burn's recommendation, and his unfounded accusations of judicial bias and misconduct provide no basis for reconsidering the Court's prior rulings.

**IT IS ORDERED:**

1. Frater's motion to withdraw the notice of appeal (Doc. 28) is **granted**. The Clerk is directed to withdraw the notice of appeal (Doc. 26) and notify the Ninth Circuit of the withdrawal.

2. Frater's request for an "independent panel rehearing" of the dismissal of his § 2255 motion (Doc. 24) is **denied**.

Dated this 16th day of July, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge